UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TONIA WEARE,**
**(also known as TONIA**
**JONES),**

          Plaintiff-Claimant,

          v.                              Case No.  13-C-1401

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

          Defendant-Respondent.

## DECISION AND ORDER

Pro se Plaintiff-Claimant Tonia Weare ("Weare"), also known as Tonia Jones, seeks leave to proceed *in forma pauperis* on her appeal from the denial of her claim for supplemental security income and social security disability insurance benefits. In order to authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: First, whether the litigant is unable to pay the costs of commencing the action and, second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i).

By her petition and affidavit to proceed *in forma pauperis*, Weare avers that she is unemployed, single, and has no legal dependents. She has no tangible or intangible assets. She is homeless and finds shelter at parks or living from house to house. Her sole expense is $200 per month for food. Weare easily satisfies the

requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350 filing fee for this action.

Weare must next demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir. 1993).

Under 42 U.S.C. § 405(g), a plaintiff may obtain review of the Social Security Commissioner's decision. An ALJ's decision must be affirmed if the findings are supported by substantial evidence and if there have been no errors of law. *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013). A plaintiff can request that the Court remand the case to the Social Security Administration upon a showing that the evidence was new and material and that there was good cause for the failure to incorporate the evidence earlier. 42 U.S.C. § 405(g).

According to Weare's Complaint, she is disabled and the conclusions and findings of fact of the Commissioner are not supported by substantial evidence and are contrary to the law and regulations. Also, any new evidence submitted to the Appeals Council and/or this Court is new, material and good cause exists for not submitting the evidence earlier and the Appeals Council should reopen the claim in the light of the new evidence, and/or the Appeals Council's refusal to consider the new evidence was based on a mistake of law. While Weare's Complaint is a stock Complaint and does

- 2 -

not reflect her particular situation, at this preliminary stage of the proceedings, the Court concludes that there may be a basis in law or in fact for Weare's appeal of the Commissioner's decision and the appeal may have merit, as defined by 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, the Court grants Weare's request to proceed *in forma pauperis*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Weare's petition for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2013.

                                                  **BY THE COURT:**

                                                  */s/ Rudolph T. Randa*
                                                  **HON. RUDOLPH T. RANDA**
                                                  **U.S. District Judge**