# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONIA WEARE,
(also known as TONIA JONES),

    Plaintiff-Claimant,

v.                                         Case No. 13-C-1041

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security,**

    Defendant-Respondent,

# DECISION AND ORDER

In mid-September 2013, Plaintiff-Claimant Tonia Weare ("Weare"), also known as Tonia Jones, filed this appeal from the denial of her July 27, 2010, supplemental security income ("SSI") application. A couple of weeks later, Weare reapplied for SSI and was subsequently approved for benefits with an onset disability date as of the September 27, 2013, re-application date. As a result, this appeal is limited to what is referred to in social disability benefit law as a "closed period" of benefits, from July 27, 2010, to September 27, 2013.

In her initial and reply briefs, Weare seeks either reversal and remand for an award of benefits, or remand for further proceedings. Weare contends that the Administrative Law Judge ("ALJ") impermissibly

discounted her intelligence test scores in determining that she does not meet or equal either § 12.05(B) or § 12.05(C)[1] of the Listing of Impairments ("Listing") for intellectual disabilities, and he should have found her disabled.[2] (Pl.'s Br. Reversal & Remand, 4.) (ECF No. 12.)

---

[1] Listing § 12.05 provides in relevant part:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> OR
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function[.]

[2] The Social Security Administration ("SSA") applies a five-step analysis to SSI claims. *See* 20 C.F.R. § 416.920. (1) The SSA considers whether the claimant has engaged in substantial gainful activity during the claimed period of disability. 20 C.F.R. § 416.920(b). (2) It determines whether the claimant's physical or mental impairment is severe and meets the twelve-month durational requirement. 20 C.F.R. § 416.920(c). (3) The SSA compares the impairment (or combination of impairments) found at step two to a list of impairments identified in the regulations ("the Listings"). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairments meet or "medically equal" a Listing, he is considered to be disabled, and the analysis concludes; if a Listing is not met, the analysis proceeds to the next step. 20 C.F.R. § 416.920(d). (4) The SSA considers the claimant's residual functional capacity ("RFC") and past relevant work. If the claimant can perform his past relevant work, he is found to be not disabled, 20 C.F.R. §§ 416.920(f) and (h), if not, at step (5) the SSA considers the claimant's RFC, age, education, and work experience to see whether he can make the vocational adjustment to other work, 20 C.F.R. §§ 416.920(g) and (h). If he can make the adjustment, the claimant is found to be not disabled; if not, he is found to be disabled.

**Motion Regarding New Evidence and Sentence Six Remand**

After all the required briefs on her appeal were filed, Weare filed a motion to supplement the file with new evidence relating to the approval of her SSI reapplication: (1) the January 29, 2014, analysis of state agency psychologist Jack Spear, Ph.D. (the "Spear report") of Weare's work ability; and (2) the January 11, 2014, assessment of consultative examiner Jeremy Meyers, Ed.D. (the "Meyers report"). Weare requests a remand for consideration of this new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g). (Mot. Supplement 1, 3.) (ECF No. 15.)

Defendant-Respondent Carolyn W. Colvin, the Acting Commissioner of Social Security (the "Commissioner"), asserts that Weare waived the issue by not briefing it in either her initial or reply brief. (Resp. Mot. 1-2.) (ECF No. 16.) Weare counters that the proffered evidence post-dates the filing of her opening brief, and the SSA's "actual notice" of the decision approving her SSI reapplication post-dates the filing of her reply brief. (Reply Br. 1-3.) (ECF No. 17.) She also provides a chart documenting her efforts to obtain the materials.

Courts have the discretion to overlook a waiver. *See, e.g., United States v. Wilson,* 962 F.2d 621, 627 (7th Cir. 1992). Generally, a party's

arguments should be raised in an opening brief, and the reply should be limited to responding to the opposition brief. However, Weare presents facts indicating that she requested an expedited copy of the record on February 18, 2014, but six weeks elapsed before its receipt. While waiting for the record, counsel made three additional calls requesting it and three follow-up calls requesting return calls. On April 2, the same day that counsel received the information from the Commissioner, the motion to supplement was filed, with the new evidence attached. Weare has demonstrated diligence in attempting to obtain the record and in filing the motion. Under these circumstances, the Court declines to find that Weare waived the argument, and grants the motion to supplement the file with new evidence.

The next question is whether Weare has established a basis for a sentence six remand. A sentence six remand requires consideration of new evidence, but does not determine whether the Commissioner's decision as rendered was correct. A sentence six remand is not an appealable order. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan,* 195 F.3d 975, 978 (7th Cir. 1999). The stringent criteria for obtaining a sentence six remand places the burden upon the movant to establish the evidence is new and material and to show "good

- 4 -

Case 2:13-cv-01041-LA   Filed 08/26/15   Page 4 of 6   Document 18

arguments should be raised in an opening brief, and the reply should be limited to responding to the opposition brief. However, Weare presents facts indicating that she requested an expedited copy of the record on February 18, 2014, but six weeks elapsed before its receipt. While waiting for the record, counsel made three additional calls requesting it and three follow-up calls requesting return calls. On April 2, the same day that counsel received the information from the Commissioner, the motion to supplement was filed, with the new evidence attached. Weare has demonstrated diligence in attempting to obtain the record and in filing the motion. Under these circumstances, the Court declines to find that Weare waived the argument, and grants the motion to supplement the file with new evidence.

The next question is whether Weare has established a basis for a sentence six remand. A sentence six remand requires consideration of new evidence, but does not determine whether the Commissioner's decision as rendered was correct. A sentence six remand is not an appealable order. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan,* 195 F.3d 975, 978 (7th Cir. 1999). The stringent criteria for obtaining a sentence six remand places the burden upon the movant to establish the evidence is new and material and to show "good

cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). *See also, Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991).

Evidence is considered "new" for purposes of sentence six if it was "not in existence or available to the plaintiff at the time of the administrative proceeding." *Schmidt v. Barnhart,* 395 F.3d 737, 742 (7th Cir. 2005). New evidence is "material" if there is a "reasonable probability" that the ALJ would have reached a different conclusion had the evidence been considered. *Id.* Thus, new evidence is material only if it is relevant to the claimant's condition "during the relevant time period encompassed by the disability application under review." *Id.*

The Spear and Meyers reports are "new" and "material" evidence. They were not in existence at the time of the administrative proceedings regarding the July 2010 application. They identify significant limitations caused by Weare's mental impairments, and those limitations are relevant to whether Weare meets or equals either § 12.05(B) or § 12.05(C) of the Listings. Even if Weare is found not to meet or equal the Listings, the evidence may impact the additional steps of the disability benefit analysis. Furthermore, having considered the ALJ's analysis and the new evidence, the Court concludes that there is a reasonable probability that the ALJ

- 5 -

Case 2:13-cv-01041-LA   Filed 08/26/15   Page 5 of 6   Document 18

may have reached a different conclusion if he had considered the evidence. Having satisfied the criteria, Weare's request for a remand to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Weare's motion to supplement the file with new evidence (ECF No. 15) is **GRANTED**; and,

Weare's request for a remand to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2015.

> BY THE COURT:
>
> _____
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**